## BLUE RIDGE KNITTING CO., Inc., v. PAULSON, LINKROUM & CO., Inc.

(Circuit Court of Appeals, Fourth Circuit. April 6, 1920.)

No. 1764.

**Sales ⬪72(5)—Seller entitled under contract to replace defective yarn "agreed upon."**

A provision of a contract for sale and purchase of yarn, that "complaints as to the quality must be made to us [sellers] in writing within 15 days, * * * we retaining the privilege of replacing within a reasonable time any yarn agreed upon as not complying with this contract," *held* to entitle seller to replace any yarn claimed by purchaser not to comply with the contract for any reason, and an offer by seller to replace it *held* an "agreement" with purchaser's claim.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agreed Upon.]

In Error to the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Action by Paulson, Linkroum & Co., Incorporated, against the Blue Ridge Knitting Company, Incorporated. Judgment for plaintiff, and defendant brings error. Affirmed.

W. Calvin Chesnut, of Baltimore, Md. (Alexander Armstrong, of Hagerstown, Md., on the brief), for plaintiff in error.

Wallis Giffen and Lee S. Meyer, both of Baltimore, Md. (Frank R. Savidge, of Philadelphia, Pa., on the brief), for defendant in error.

Before PRITCHARD and KNAPP, Circuit Judges, and WATKINS, District Judge.

KNAPP, Circuit Judge. The parties will be designated as in the court below. In October, 1918, they made a contract whereby plaintiff sold and defendant bought 25,000 pounds of size 12 cones, carded peeler Harriet yarn, to be delivered in weekly shipments. The contract was in writing and contained these provisions, on which the controversy turns:

"Any claim that the quality of goods is not in accordance with the terms of this contract, or any reasonable delay in delivery due to conditions beyond our control, shall not constitute a cause for cancellation of this contract or any part thereof."

"We guarantee the yarn to be equal to the average running quality of the grade sold."

"Complaints as to the quality must be made to us in writing within 15 days from time of the delivery of any yarn, we retaining the privilege of replacing within a reasonable time any yarn agreed upon as not complying with this contract."

The yarn delivered or tendered in due time was rejected by defendant on the ground that it did not conform to contract requirements. The objection first made related mainly to the material used in manufacturing the yarn, but this objection proved to be untenable. Later, and at the trial, it was insisted that a large portion of the yarn was of smaller size than 12, and that its variation in size was greatly in

excess of permissible limits. Without reviewing the testimony on this issue, we shall assume for present purposes that defendant was justified in rejecting the yarn delivered because of its lack of proper uniformity, and because so much of it was not of the size called for by the contract. This brings us at once to the issue of replacement.

Plaintiff contends that it had the right to replace with yarn that would fully conform to the contract any delivered yarn which was not of the kind, quality, and size specified in the contract; that it promptly and repeatedly offered to replace the rejected yarn with other yarn that met all the contract conditions; and that defendant refused to permit such replacement. On this offer and refusal is based its right to recover. If plaintiff had the right of replacement, as the trial court held, it is enough to say here that whether it made a definite and unconditional offer to replace, whether that offer was seasonably made, whether it was withdrawn or kept good, and whether it was refused by defendant, were all questions of fact on which the evidence was conflicting, or at least permitted different inferences to be drawn. As to those questions the verdict of the jury is conclusive.

Defendant's denial of the right of replacement takes a twofold form. It is argued in the first place that the contract allows replacement only of yarn of defective quality, and not yarn of incorrect size; that the yarn in question was shown to be of the quality called for by the contract, even if some of it was not of the contract size, and therefore it was error to hold that plaintiff was entitled to replace for undue variation in size. The sufficient answer to this contention is that it assumes a limitation not found in the contract. True, the first clause above quoted states that a claim of defective quality shall not be cause for cancellation, and the third clause states that complaints as to quality must be made within 15 days; but the latter is followed by the broad provision:

"We retaining the privilege of replacing within a reasonable time any yarn agreed upon as not complying with this contract."

Given its natural meaning, this language plainly permits replacement, not only for defects of quality, but for defects of size as well, or for any other defect of which complaint might be made, and we perceive no reason in the context or otherwise for restricting its application. In short, it seems to us not doubtful that on this point the jury were properly instructed.

The other contention is based on the words "agreed upon" in the reservation of the right of replacement. These words are said to mean, as defendant asked the court to charge, that plaintiff was not entitled to replace, "unless both parties *agreed* that the yarn delivered did not comply with the contract," and, as plaintiff at no time conceded that a good delivery had not been made, it is argued at length that the right to replace did not arise; that is to say, plaintiff had to admit that it was at fault before it could avail itself of the replacement privilege. The short and conclusive answer to this is that the offer to replace, if timely and unqualified, and not withdrawn, was in legal effect an admission by plaintiff that it had delivered yarn which did

not conform to the contract. If such an offer was made and kept good, defendant got thereby the full benefit of a fault confessed. For all practical purposes the minds of the parties met. Defendant "agreed" by rejecting the yarn, and plaintiff "agreed" by offering to replace. The ruling of the trial court on this point was clearly correct.

So construing the contract as respects the right of replacement, we need only repeat that the remaining questions are questions of fact, which were fully and fairly submitted to the jury.

The record discloses no reversible error, and the judgment will therefore be affirmed.